IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Rufino Loredo Mendez, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 4:18-1366-HMH-TER |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Rio Grande Detention Center, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Rufino Loredo Mendez ("Mendez") seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. In his Report and Recommendation, Magistrate Judge Rogers recommends dismissing Mendez's § 2241 petition without prejudice and without requiring the Respondent to file an answer or return.

Mendez filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Mendez's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Mendez objects that the magistrate judge erred in finding that he has fully served the sentence he received for his July 2009 conviction in the District of South Carolina for reentry of a deported alien subsequent to a conviction for an aggravated felony. (Objs. 1-2, ECF No. 17); see No. 6:09-cr-00447-GRA (D.S.C.). Specifically, Mendez contends that his current incarceration stems from a supervised release violation on his 2009 conviction. (Id., ECF No. 17.) This objection is without merit.

Mendez was sentenced to 41 months' imprisonment and two years' supervised release in the District of South Carolina for his July 2009 conviction. He has already fully served his sentence of 41 months' imprisonment and two years' supervised release. Mendez's supervision was never revoked based on a supervised release violation of his July 2009 conviction. See No. 6:09-cr-00447-GRA (D.S.C.). To the contrary, Mendez is currently in federal custody in Texas under charges from two other district courts. See No. 5:14-cr-1050, Southern District of Texas; No. 3:17-cr-2228-AJB, Southern District of California. Accordingly, the court lacks jurisdiction to entertain the petition for habeas relief challenging the July 2009 conviction because Mendez is not in custody under the conviction he is challenging. See 28 U.S.C. §§ 2241(c)(3), 2254(a); see also Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (The United States Supreme Court "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under

the conviction or sentence under attack at the time his petition is filed.") (citing Carafas v. Lavallee, 391 U.S. 234, 238 (1968)).

Further, the court lacks territorial jurisdiction of the Respondent. See Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.") Mendez is currently confined in Texas and has failed to name his warden as respondent. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts the magistrate judge's Report and Recommendation.

It is therefore

**ORDERED** that Mendez's § 2241 petition, docket number 1, is dismissed without prejudice and without requiring the Respondent to file an answer or return.

**IT IS SO ORDERED**.

> s/Henry M. Herlong, Jr.
> Senior United States District Judge

Greenville, South Carolina
June 25, 2018

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.